**FILED**

AUG 2 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TROY JENNINGS #67949053        )
USP- POLLOCK                   )
P.O. BOX 2099                  )
POLLOCK, LA 71467              )
(Enter your full name, prison number
and address)

v.

THE FEDERAL BUREAU OF PRISONS          )
THE BROOKYLN U.S. PROBATION DEPT.      )
THE U.S. DEPT. OF JUSTICE ATTORNEY     )
THE U.S. DEPT. OF JUSTICE DISTRICT     )
    COURT BROOKLYN, CLERKS OFFICE
(Enter the full name and address(es),
if know, of the defendant(s) in this
action)

Case: 1:08-cv-01475
Assigned To : Friedman, Paul L.
Assign. Date : 8/26/2008
Description: FOIA/Privacy Act

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### Instructions for filing a Complaint by a Prisoner
### Under the Civil Rights Act, 42 U.S.C. § 1983

This packet contains one copy of a complaint form and one copy of an application to proceed *in forma pauperis*. To start an action, you must file an original and one copy of this complaint form.

Your complaint must be clearly handwritten or typewritten and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this Court only if one or more of the named defendants is located within the District of Columbia. Further, you must file a separate for each claim that you have unless they are related to the same incident or problem. The law requires that you state only facts in your complaint.

You must supply a certified copy of your prison trust account, pursuant to the provisions of 28 U.S.C. §1915, effective April 26, 1996. The filing fee is $350.00. If insufficient funds exist in your prison account at the time of filing your complaint, the court must access, and when funds exist, collect an initial filing fee equal to 20 percent of the greater of:

    (1)    the average monthly deposits to your prison account, or
    (2)    the average monthly balance of your prison account for the prior six-month period.

# RECEIVED

AUG 1 4 2008

Clerk, U.S. District and
Bankruptcy Courts

Thereafter, you are required to make monthly payments of 20% of the preceding month's income. The agency having custody over you must forward payments from your account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Therefore, before an assessment can be made regarding your ability to pay, you <u>must</u> submit a certified copy of your prison account for the prior six-month period.

When this form is completed, mail it and the copy to the Clerk of the United States District Court for the District of Columbia, 333 Constitution Ave., N.W., Washington, D.C. 20001.

## I.    SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

## II.    PREVIOUS LAWSUITS

A.    Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?    Yes (  )        No (x)

B.    Have you begun other lawsuits in state or federal court relating to your imprisonment?
Yes (  )        No (x)

C.    If your answers to A or B is Yes, describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    1.    Parties to this previous lawsuit.

        Plaintiffs: _____

        Defendants: _____
        _____

    2.    Court (If federal court, please name the district; if state court name the county.)
        _____

    3.    Docket number: _____

    4.    Name of judge to whom case was assigned: _____

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: JENNINGS TROY       67949053       C-3       POllOCK
  LAST NAME, FIRST, MIDDLE INITIAL  REG. NO.  UNIT  INSTITUTION

Part A—REASON FOR APPEAL ON FEBRUARY 19, 2003 A PRESENTENCE REPORT was
submited ON PAGE 21 STatMENT # 100 PATRicia Sullivan STated SHe has writte
ERIFICATION JENNiNgS EaRNed his GED
icording TO PS 100.0 B THERE MUST BE a finding of Guilt
ONSEaRNING MiNOR hiStORY OF ViOlENCE
he # 3 PoiNts MiNOR hiStORY OF ViOlENCE Thats BEiNg USE
dd VERSE TowaRds JENNiNgs MUST BE REMOVE
Nd JENNiNgS EducatiON LEVEl RESTORED AS haVEiNg CREdit

WED FEB 7, 08
DATE

        Troy Jennings
        SIGNATURE OF REQUESTER

Part B—RESPONSE

RECEIVED

MAR 1 7 2008

Administrative Remedy Section
Federal Bureau of Prisons

_____
DATE

IGINAL: RETURN TO INMATE      GENERAL COUNSEL

t C—RECEIPT      CASE NUMBER: 471912-A2

        CASE NUMBER: _____
rn to: _____
JECT: _____ LAST NAME, FIRST, MIDDLE INITIAL _____ REG. NO. _____ UNIT _____ INSTITUTION

_____
DATE

VN      SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

Administrative Remedy Number 471912-A2
Part B - Response

You contend your custody classification score is incorrect. You state your level of program participation does not reflect you have GED, and you were not convicted of the violent behavior reflected in your history of violence. You request the values of these elements be adjusted in your favor.

Our review of this matter reveals both the Warden and Regional Director have adequately addressed your concerns. Program Statement 5100.08, <u>Security Designation and Custody Classification Manual</u>, provides the program participation element "reflect the inmate's level of initiative in programming. This is based on the inmate's active program involvement, e.g. RPP, FRP, Drug education or Treatment Programs, education programs, or any other suitable programs as recommended by the Unit Team." Review of the record reveals your education data was adjusted on February 6, 2008, to remove the assignment of "GED progress unsatisfactory." Your unit team will consider this element at your program review scheduled for this month. However, it is also noted you refused to participate in the Inmate Financial Responsibility Program in December 2007. This will also be considered by staff during your program review.

Program Statement 5100.08 provided the history of violence element "reflect any history of violence, considering only those acts for which there are documented findings of guilt (i.e., DHO, Court, Parole, Mandatory Release, or Supervised Release Violation)." Review of the record reveals you punched a person in the head and face during the commission of a drug offense in March 2001. This documented offense behavior is consistent with the definition of minor violence.

Staff actions in this matter are consistent with the requirements of Program Statement 5100.08, <u>Security Designation and Custody Classification Manual</u>.

Your appeal is denied.

April 21, 2009
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

5.    Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____
_____

6.    Approximate date of filing lawsuit: _____
_____

7.    Approximate date of disposition: _____
_____

## III.    PLACE OF CONFINEMENT

<u>UNITED STATES PENITENTIARY P.O. BOX 2099, LA 71467</u> _____
_____

A.    Is there a prisoner grievance procedure in this institution? Yes ( X )    No (  )
If your answer is Yes, go to Question III B. If your answer is No, skip Questions III, B, C and D and go to Question III E.

B.    Did you present the facts relating to your complaint in the prisoner grievance procedure?
Yes ( X )    No (  )

C.    If your answer is Yes to Question III B:

1.    To whom and when did you complain? <u>HAROLD LAPPIN CASE # 471912-A2,</u>
<u>RECEIVED MAR. 17, 2008, CENTRAL OFFICE 321 ST. N.W., WASHINGTON, D.C. 20543</u>

2.    Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)    Yes ( X )    No (  )

3.    What, if any, response did you receive? (Furnish copy of response, if in writing.) _____
_____

4.    What happened as a result of your complaint? <u>DENIED DUE PROCESS RIGHTS,</u>
<u>DENIED EQUAL PROTECTION RIGHTS</u>
<u>DENIED CONSTITUTIONAL RIGHTS</u>
_____

D.    If your answer is No to Question III B, explain why not. _____
_____
_____

E.    If there is no prison grievance procedure in the institution, did you complain to prison authorities?    Yes (  )    No (  )

F.    If your answer is Yes to Question III E;

1.    To whom and when did you complain? _____

2.   Did you complain in writing?  (Furnish copy of the complaint you made, if you have one.)    Yes (X)    No ( )

3.   What, if any response did you receive?  (Furnish copy of response, if in writing.)

4.   What happened as a result of your complaint? _____

## IV.   PARTIES

In item A below, place your name and prison number in the first blank and your present address in the second blank.  Do the same for additional plaintiffs, if any.

A.   Name of Plaintiff:   TROY JENNINGS, P.O. BOX 2099, LA 71467
     Address: _____

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and their address in the fourth blank.  Do the same for additional defendants, if any.

B.   Defendant: _____
     Address: _____

     Defendant: _____
     Address: _____

     Defendant: _____
     Address: _____

     Defendant: _____
     Address: _____

## V.   STATEMENT OF CLAIM

**IV.**

**Defendant:** Harrell Watts, 320 First Street, Washington, D.C. 20534

**Defendant:** Harley G. Lappin, 320 First Street, Washington, D.C. 20534

---

1. **Statement of claim:** The above mention failed to comply with program statement 5350.28

2. **Statement of claim:** The above mention failed to comply with the 1994 violent crime control law enforcement act (UCCLEA)

3. **Statement of claim:** The above mention classify Jennings with (4, 1 = Punch victim taking hostage)

4. **Statement of claim:** The above mentions falsely made up escape charge and use the falsely made escape charge adversely against Jennings.

5. **Statement of claim:** The above mention failed to comply with program statement 5100.08 Chapter 4, Page 12 enter the appropriate number that reflects Jennings education level.

6. **Statement of claim:** The above mention failed to comply with program statement 5350.28 Jennings was denied Grade #4 pay from 2003 to 2008.

7. **Statement of claim:** The above mention failed to comply with the 1994 violent crime control and law enforcement act (UCCLEA) Jennings have not earned good time from 2003 to 2008.

8. **Statement of claim:** The above mention failed to comply with program statement P5100.08 9/12/2006 Chapter 4 Page 9 Chapter 4 page 10 minor history of violence aggressive or intimidating behavior which is not likely to cause serious bodily harm or death (*E.g. Simple Assault, fights, domestic, disputes etc.*) There must be a finding of guilt in order to charge plaintiff with #3 points minor history of violence.

9. **Statement of claim:** The above mention failed to comply with program statement P5100.08 9/12/2006 Chapter 4 Page 9 by charging Jennings 08 Ten Points criminal history points.

10. **Statement of claim:** The above mention violated constitutional law 42(2) and constitutional law 42.2(2)

11. **Statement of claim:** The above mention failed to comply with 28 criminal federal rules ch v. (7-1-2006 Edition) section 524.11 page 553.

**Plaintiff Troy Jennings #67949053**
P.O. BOX 2099
Pollock, LA 71467
Defendant Joseph Smith employed as warden of Lewisburg USP
Defendant M. Nicholas employed as case manager of Lewisburg USP
Defendant John Adami employed as unit manager of Lewisburg USP
Defendant Miss I employed as counselor of Lewisburg USP

## _Statement of Claim Pursuant to 42 USC 1983 Ground –one supporting facts_

The (BOP) Beaumont staff members mention above failed to comply with program statement 5350.28
Inmates will not be eligible for a promotion above grade 4 unless they have obtained a Ged or provided documentation of a high school diploma.
Jennings was denied Grade #4 Pay from 2003 to 2008
Due to the negligence of the above mention defendants
Page #21 Statement #100 of the Persistence Report
Patricia Sullivan who prepared and submitted the (PSI) stated she receive and have in her possession written verification received from the New York state department of education which confirmed that Jennings earned his Ged.
But Jennings was still denied Grade #4 Pay from 2003 to 2008 By the above mention (BOP) Lewisburg staff members.

**Plaintiff Troy Jennings #67949053**
P.O. BOX 2099
Pollock, LA 71467
Defendant Joseph Smith employed as warden of Lewisburg USP
Defendant M. Nicholas employed as case manager of Lewisburg USP
Defendant John Adami employed as unit manager of Lewisburg USP
Defendant Miss I employed as counselor of Lewisburg USP

1

## *Statement of Claim Pursuant to 42 USC 1983 Ground Two- supporting facts*

The (BOP) above mention Lewisburg USP staff members failed to comply with the 1994 violent crime control law enforcement act (UCCLEA) additionally the 1994 violent crime control and law enforcement act (UCCLEA) mandates that any inmates with a date of offense on or after September 13, 1994.

But before April 26, 1996, who does not have a high school education credential must participate and make progress toward attainment of general education development (GED) certificate in order to vest earned good time.

Jennings have not earned good time from 2003 to 2008 due to the above mention defendants negligence and failure to comply with the 1994 violent crime control law enforcement Act (UCCLEA)

This was done in order to raise Jennings custody security points and make Jennings security point level commensurate with the security level of Lewisburg USP Jennings was a medium level inmate wrongfully classify and place in a maximum security prison Lewisburg USP This was a violation of Jennings Equal Protection Rights and the United States Constitutional Rights and which Jennings is protected by

**Plaintiff Troy Jennings #67949053**
P.O. BOX 2099
Pollock, LA 71467
Defendant Joseph Smith employed as warden of Lewisburg USP
Defendant M. Nicholas employed as case manager of Lewisburg USP
Defendant John Adami employed as unit manager of Lewisburg USP
Defendant Miss I employed as counselor of Lewisburg USP

## *Statement of Claim Pursuant to 42 USC 1983 Ground three supporting facts*

The (BOP) above mention Lewisburg USP Unit team members case manager Nicholas Unit Manager John Adami, counselor Miss I during custody classification level summary hearing conducted by unit team members who knowingly know in the system of records that's kept by the (BOP) agency charged Jennings with
(4,1= Punch victim taking hostages)
(Jennings was never convicted or arrested or indicted for taking hostages)
However these charges was use adversary towards Jennings in order to make Jennings point and security classification level commensurate with the security level of (Lewisburg USP) Jennings was a medium security level inmate wrongfully placed in Lewisburg USP these adverse false charges raised Jennings custody security classification points level

This adverse decision affected substantial rights and seriously affected The fairness integrity and reputation of the judicial proceeding concerning custody classification security level summary hearing conducted by unit team members at Lewisburg Every (6) month the above mention defendants goes on to make a factual finding not charged in the indictment or determined by a reasonable doubt standard  by a jury which violated Equal Protection Rights and The United States Constitution in which Jennings is protected by.

2

Plaintiff Troy Jennings #67949053
P.O. BOX 2099
Pollock, LA 71467
Defendant Joseph Smith employed as warden of Lewisburg USP
Defendant M. Nicholas employed as case manager of Lewisburg USP
Defendant John Adami employed as unit manager of Lewisburg USP
Defendant Miss I employed as counselor of Lewisburg USP

## *Statement of claim Pursuant to 42 USC 1983 Ground four supporting facts*

The (BOP) above mention Lewisburg USP Unit team members case manager M. Nicholas Unit Manager John Adami, counselor Miss I during custody classification level summary hearing conducted by unit team members, who knowingly know in the system of records that's kept by the (BOP) agency Jennings #67949053 was never convicted or arrested or indicted for escape but Jennings was charged by Lewisburg unit team members with escape. This was in regards to and arrest for resisting arrest on March 6, 1990.

However current program statement of federal bureau of prison does not warrant a prior arrest for resisting arrest to be scored as and escape this escape charge was used adversely against Jennings by the (BOP) designation computation center, and unit team members to keep Jennings lock up in a maximum security federal prison and stop Jennings from transferring to a medium federal prison

This falsely made up escape charge was use adversely against Jennings it effected were Jennings could or would work Jennings couldn't receive a high paying job due to this adverse charge of alleged escape This adverse charge of escape raised Jennings custody classification level and custody summary points.

This adverse decision affected substantial rights and seriously affected The fairness integrity and reputation of the judicial proceeding concerning custody classification security level summary hearing conducted by unit team members at Lewisburg Every (6) month the above mention defendants goes on to make a factual finding not charged in the indictment or determined by a reasonable doubt standard by a jury which violated Equal Protection Rights and The United States Constitution in which Jennings is protected by.

Plaintiff Troy Jennings #67949053
P.O. BOX 2099
Pollock, LA 71467
Defendant Joseph Smith employed as warden of Lewisburg USP
Defendant M. Nicholas employed as case manager of Lewisburg USP
Defendant John Adami employed as unit manager of Lewisburg USP
Defendant Miss I employed as counselor of Lewisburg USP

## _Statement of Claim  Pursuant to 42 USC 1983 Ground-five supporting facts_

The above mention (BOP) staff members failed to comply with program statement P5100.08 chapter 4, Page 12

Enter the appropriate number of points that reflect the inmates verified education level at the time of designation.

The above mention (BOP) staff members failed to enter the appropriate number of points that reflects

Troy Jennings #67949053 Education level which violated Jennings Equal Protection Rights and the United State Constitutional Rights in which Jennings is protected by.

**Plaintiff Troy Jennings #67949053**
P.O. BOX 2099
Pollock, LA 71467
Defendant Mr. Outlaw Employed as Warden of Beaumont USP
Defendant Mr. Fox Employed as Warden of Beaumont USP
Defendant Mr. McGee Hee employed as Beaumont USP Unit Manager
Defendant Mr. Cruz Employed as Beaumont USP Counselor
Defendant Mr. Sacher Employed as Beaumont USP Unit Manager
Defendant Miss J. Hanks Employed as Beaumont USP Manager

## _Statement of Claim: pursuant to 42 USC § 1983 Ground six supporting facts_

The above mention (BOP) staff members failed to comply with program statement P5100.08 Chapter 4, page 12

Enter the appropriate number of points that reflect the inmates verified education level at the time of designation.

The above mention Beaumont (BOP) staff members mention above failed to enter the appropriate number of points that reflects Troy Jennings #67949053 Education Level from 2003 to 2008.

**Plaintiff Troy Jennings #67949053**
P.O. BOX 2099
Pollock, LA 71467
Defendant Mr. Outlaw Employed as Warden of Beaumont USP
Defendant Mr. Fox Employed as Warden of Beaumont USP
Defendant Mr. McGee Hee employed as Beaumont USP Unit Manager
Defendant Mr. Cruz Employed as Beaumont USP Counselor
Defendant Mr. Sacher Employed as Beaumont USP Unit Manager
Defendant Miss J. Hanks Employed as Beaumont USP    case Manager

## _Statement of Claim: pursuant to 42 USC § 1983 Ground   seven supporting facts_

The (BOP) Beaumont staff members mention above failed to comply with Program Statement 5350.28.

Inmates will not be eligible for promotion above Grade 4 unless they have obtained a Ged or provided documentation of a high school diploma

Jennings was denied Grade #4 Pay from 2003 to 2008

Page #21 Statement #100 of the Persistence Report

Patricia Sullivan who prepared and submitted the (PSI) stated she receive and have in her possession written verification received from the New York State Department of Education which confirmed that Jennings earned his GED But Jennings was denied Grade #4 Pay from 2003 to 2008 by the above mention (BOP) Beaumont staff members.


**Plaintiff Troy Jennings #67949053**
P.O. BOX 2099
Pollock, LA 71467
Defendant Mr. Outlaw Employed as Warden of Beaumont USP
Defendant Mr. Fox Employed as Warden of Beaumont USP
Defendant Mr. McGee Hee employed as Beaumont USP Unit Manager
Defendant Mr. Cruz Employed as Beaumont USP Counselor
Defendant Mr. Sacher Employed as Beaumont USP Unit Manager
Defendant Miss J. Hanks Employed as Beaumont USP Manager

## _Statement of Claim: pursuant to 42 USC § 1983 Ground eight supporting facts_

The (BOP) Beaumont staff members mention above failed to comply with the 1994 violent crime control and law enforcement Act (UCCLEA) additionally

The 1994 violent crime control and law enforcement Act (UCCLEA) mandates that any inmates with a date of offense on or after September 13, 1994

but before April 26, 1996, who does not have a high school education credential must participate and make progress toward attainment of General Education Development (GED) certificate in order to vest earned good time.

Jennings have not earned good time from 2003 to 2008 due to the above mentioned defendants negligence and failure to comply with the 1994 violent crime control law enforcement act (UCCLEA)

This was done in order to raise Jennings custody security point and make Jennings security point level commensurate with the security level of Beaumont USP Jennings was a medium level inmate wrongfully place in a maximum security prison where he was stabbed #4 times and almost loss his life by another inmate due to the negligence of the above mention defendants violated Jennings Equal Protection Rights and The United States Constitution and which Jennings is protected by.

**Plaintiff Troy Jennings #67949053**
P.O. BOX 2099
Pollock, LA 71467
Defendant Mr. Outlaw Employed as Warden of Beaumont USP
Defendant Mr. Fox Employed as Warden of Beaumont USP
Defendant Mr. McGee Hee employed as Beaumont USP Unit Manager
Defendant Mr. Cruz Employed as Beaumont USP Counselor
Defendant Mr. Sacher Employed as Beaumont USP Unit Manager
Defendant Miss J. Hanks Employed as Beaumont USP Manager

## *Statement of Claim: pursuant to 42 USC § 1983 Ground nine supporting facts*

The (BOP) Beaumont staff members mention above failed to comply with the Program statement
P5100.08 9/12/2006
Chapter 4 Page #9
Chapter 4 Page #10
Minor history of violence aggressive or intimidating behavior which is not likely to cause serious
bodily harm or death.
(E.g. Simple Assault, Fights, domestic disputes etc.)
There must be a finding of guilt in order to charge Plaintiff with #3 points minor history of
violence.

**Plaintiff Troy Jennings #67949053**
P.O. BOX 2099
Pollock, LA 71467
Defendant Mr. Outlaw Employed as Warden of Beaumont USP
Defendant Mr. Fox Employed as Warden of Beaumont USP
Defendant Mr. McGee Hee employed as Beaumont USP Unit Manager
Defendant Mr. Cruz Employed as Beaumont USP Counselor
Defendant Mr. Sacher Employed as Beaumont USP Unit Manager
Defendant Miss J. Hanks Employed as Beaumont USP Manager

## *Statement of Claim: pursuant to 42 USC § 1983 Ground ten supporting facts*

The above mention (BOP) staff members have a duty to perform The program statement calls for
the (BOP) staff members failed to comply with the Program statement P5100.08 9/12/2006
Chapter 4 Page #9
Enter the appropriate number of points that reflect any history of violence, considering only
those acts for which there are documented findings of guilt i.e. D.h.o court parole, mandatory
release or supervised release violation this item includes the individual entire background of
criminal violence excluding the current term of confinement.

6

Plaintiff Troy Jennings #67949053
P.O. BOX 2099
Pollock, LA 71467
Defendant Mr. Outlaw Employed as Warden of Beaumont USP
Defendant Mr. Fox Employed as Warden of Beaumont USP
Defendant Mr. McGee Hee employed as Beaumont USP Unit Manager
Defendant Mr. Cruz Employed as Beaumont USP Counselor
Defendant Mr. Sacher Employed as Beaumont USP Unit Manager
Defendant Miss J. Hanks Employed as Beaumont USP Manager

## *Statement of Claim: pursuant to 42 USC § 1983 Ground  eleven supporting facts*

The above mention (BOP) Beaumont staff members have a duty to perform the program
statement calls for (BOP) staff, and unit team members to initiate contact with the (USPO)
The above mention (BOP) staff member failed to comply with program statement 5800.11
Concerning 3 points minor history of violence which Jennings challenge the accuracy of
information
Concerning 08 ten points criminal history in which Jennings challenged the accuracy of the
information.


Plaintiff Troy Jennings #67949053
P.O. BOX 2099
Pollock, LA 71467
Defendant Mr. Outlaw Employed as Warden of Beaumont USP
Defendant Mr. Fox Employed as Warden of Beaumont USP
Defendant Mr. McGee Hee employed as Beaumont USP Unit Manager
Defendant Mr. Cruz Employed as Beaumont USP Counselor
Defendant Mr. Sacher Employed as Beaumont USP Unit Manager
Defendant Miss J. Hanks Employed as Beaumont USP Manager

## *Statement of Claim: pursuant to 42 USC § 1983 Ground twelve supporting facts*

The above mention (BOP) Beaumont staff members accepted a medium level inmate into a
maximum security prison.
Jennings a medium level inmate was assaulted with a deadly weapon by a maximum-security
inmate Jennings was denied medical attention for and asthma attack in which he had following
the assault with the deadly weapon Jennings was denied follow up medical care concerning his
stab wounds.
This was a violation of Federal Constitutional Law 42(2)
This was also a violation of Federal Constitutional law 42.2(2)
and a violation of Jennings Equal Protection Rights.

**Plaintiff Troy Jennings #67949053**
P.O. BOX 2099
Pollock, LA 71467
Defendant Mr. Outlaw Employed as Warden of Beaumont USP
Defendant Mr. Fox Employed as Warden of Beaumont USP
Defendant Mr. McGee Hec employed as Beaumont USP Unit Manager
Defendant Mr. Cruz Employed as Beaumont USP Counselor
Defendant Mr. Sacher Employed as Beaumont USP Unit Manager
Defendant Miss J. Hanks Employed as Beaumont USP Manager

## *Statement of Claim: pursuant to 42 USC § 1983 Ground thirteen supporting facts*

The above mention Beaumont (BOP) staff members failed to comply with (BOP) Policy Page #553
28 Criminal Federal Rules Ch v (7-1-2006 Edition) Section 524.11 Purpose and scope classification team
The warden shall ensure (A) at minimum each classification unit team shall include the unit manager and a counselor Jennings #67949053 was only team by one unit team members counselor J. Hanks.

**Plaintiff Troy Jennings #67949053**
P.O. BOX 2099
Pollock, LA 71467

Defendant Fredrick Menifee employed as warden, Pollock USP
Defendant Joe Keffer employed as Warden, of Pollock USP
Defendant K. Endenfield employed as Associate Warden of Pollock USP
Defendant Crystal Zerr employed as C-3 case manager of Pollock USP
Defendant Mr. Ray Employed as A-4 case manager of Pollock USP
Defendant Kendall Francois employed as C-3 counselor of Pollock USP
Defendant Mr. Lair employed as A-4 counselor of Pollock USP
Defendant Mr. Montgomery employed as C-3 unit manager of Pollock USP
Mr. Townsend employed as A-4 Unit manager of Pollock USP

## *Statement of Claim: Pursuant to 42 U.S.C. 1983 Ground fourteen supporting facts*

The above mention (BOP) staff members have a duty to perform the program statement calls for (BOP) staff, and unit team members to initiate contact with the (USPO)
The above mention (BOP) staff member failed to comply with program statement 5800.11
concerning 3 points minor history of violence which Jennings challenge the accuracy of information concerning 08 ten points criminal history in which Jennings challenged the accuracy of the information.

8

**Plaintiff Troy Jennings #67949053**
P.O. BOX 2099
Pollock, LA 71467

Defendant Fredrick Menifee employed as warden, Pollock USP
Defendant Joe Keffer employed as Warden, of Pollock USP
Defendant K. Endenfield employed as Associate Warden of Pollock USP
Defendant Crystal Zerr employed as C-3 case manager of Pollock USP
Defendant Mr. Ray Employed as A-4 case manager of Pollock USP
Defendant Kendall Francois employed as C-3 counselor of Pollock USP
Defendant Mr. Lair employed as A-4 counselor of Pollock USP
Defendant Mr. Montgomery employed as C-3 unit manager of Pollock USP
Mr. Townsend employed as A-4 Unit manager of Pollock USP

## _Statement of Claim: Pursuant to 42 U.S.C. 1983 Ground fithteen supporting facts_

The above mention (BOP) staff members have a duty to perform The program statement calls for the (BOP) staff members failed to comply with the Program statement P5100.08 9/12/2006 Chapter 4 Page #9
Enter the appropriate number of points that reflect any history of violence, considering only those acts for which there are documented findings of guilt i.e. D.h.o court parole, mandatory release or supervised release violation this item includes the individual entire background of criminal violence excluding the current term of confinement.

**Plaintiff Troy Jennings #67949053**
P.O. BOX 2099
Pollock, LA 71467

Defendant Fredrick Menifee employed as warden, Pollock USP
Defendant Joe Keffer employed as Warden, of Pollock USP
Defendant K. Endenfield employed as Associate Warden of Pollock USP
Defendant Crystal Zerr employed as C-3 case manager of Pollock USP
Defendant Mr. Ray Employed as A-4 case manager of Pollock USP
Defendant Kendall Francois employed as C-3 counselor of Pollock USP
Defendant Mr. Lair employed as A-4 counselor of Pollock USP
Defendant Mr. Montgomery employed as C-3 unit manager of Pollock USP
Mr. Townsend employed as A-4 Unit manager of Pollock USP

## VI. RELIEF

Plaintiff brings this civil action for compelling the defendants/Municipality to pay the Plaintiff net $250,000,000.00 million dollars for the adverse affects injured and damages that the Plaintiff has already and will continue to suffer from individually $250,000,000.00 Million dollars for each ground defendants is found guilty.

The Plaintiff wants the court to make each defendant individually to pay Jennings #67949053.

$50 a week for the next 25 years and if any defendant miss more than #3 payments He or She must pay the plaintiff in full or all his/her belonging and property shall be confiscated and pay checks garnish checking accounts, pension, bank accounts, stocks, bonds, deeds, and titles to any own property automobiles, anything of value own by the defendants and or spouse ext. until the plaintiff Jennings is paid in full if the defendants is married or have a spouse the spouse shall bear the burden of payment if the defendants stops payment to the plaintiff the plaintiff is requesting 10 years of payment up front and the remaining 15 years paid $50 a week a weekly payments to the plaintiff for the next 15 years from each defendant individually including Harrell Watts, administrator national inmate appeals Mr. Harley G. Lappin, Director Central Office 320 First Street Washington, DC 20534

Signed this _6_ day of ___August___, _08_.

_Troy Jennings_
Signature of Plaintiff

I declare under penalty of perjury that the foregoing is true and correct.

_8 / 6 / 08_
Date

_Troy Jennings_
Signature of Plaintiff

*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

**TROY JENNINGS**

      Plaintiff(s),

      vs.

**FEDERAL BUREAU OF PRISONS,
   ET AL**

      Defendant(s).

Civil Case No: **08-1475 PLF**

## NOTICE REGARDING BULKY EXHIBIT

Pursuant to the procedures for filing documents electronically, as outlined in the previous Order of the Court, this Notice serves as notification that an exhibits to the Complaint have been filed in paper form in the Clerk's Office. It is available for public viewing and copying between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday.

**NANCY MAYER-WHITTINGTON**

Clerk

**Date:** August 27, 2008

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

08-1475
PLF

## I. (a) PLAINTIFFS

Toy Jennings

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (PR)

**DEFENDANTS**

Federal Bureau of Prisons, et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 67945-053

Case: 1:08-cv-01475
Assigned To : Friedman, Paul L.
Assign. Date : 8/26/2008
Description: FOIA/Privacy Act

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government Plaintiff

□ 3 Federal Question (U.S. Government Not a Party)

☒ 2 U.S. Government Defendant

□ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

□ **A. Antitrust**

□ 410 Antitrust

□ **B. Personal Injury/ Malpractice**

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

□ **C. Administrative Agency Review**

□ 151 Medicare Act

**Social Security:**
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

**Other Statutes**
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If Administrative Agency is Involved)

□ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

□ **E. General Civil (Other)** OR □ **F. Pro Se General Civil**

**Real Property**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**Personal Property**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**Bankruptcy**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**Immigration**
□ 462 Naturalization Application
□ 463 Habeas Corpus- Alien Detainee
□ 465 Other Immigration Actions

**Prisoner Petitions**
□ 535 Death Penalty
□ 540 Mandamus & Other
☒ 550 Civil Rights
□ 555 Prison Condition

**Property Rights**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**Federal Tax Suits**
□ 870 Taxes (US plaintiff or defendant

□ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

**Other Statutes**
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.

□ 460 Deportation
□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

8 8

| ☐ **G.** *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ **H.** *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ **I.** *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ **J.** *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ **K.** *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ **L.** *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ **M.** *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ **N.** *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 552 a (Privacy Act)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $** 250 million   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 8/26/08   SIGNATURE OF ATTORNEY OF RECORD   NCD

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

forms/js-44.wpd