UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 2 6 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Troy Jennings,            )
                          )
        Plaintiff,        )
                          )
    v.                    )   Civil Action No.  08 1475
                          )
Federal Bureau of Prisons et al., )
                          )
        Defendants.       )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint in part pursuant to the screening requirements of 28 U.S.C. § 1915A.[1]

Plaintiff is an inmate at the United States Penitentiary in Pollock, Louisiana, suing the Department of Justice, the Bureau of Prisons ("BOP"), the United States Probation Office in Brooklyn, New York, and the Clerk's Office of the Eastern District of New York in Brooklyn. *See* Compl. Caption. Plaintiff has submitted his complaint on a form for filing under 42 U.S.C. § 1983 and a voluminous attachment captioned "Privacy Act Claim". He alleges that his constitutional rights were violated by the maintenance of inaccurate information in his BOP records. Plaintiff's claim is properly brought under the Privacy Act, 5 U.S.C. § 552a, to which neither the Probation Office nor the Clerk's Office is subject. *See* 5 U.S.C. § 552a(a)(1) (adopting the Freedom of Information Act's definition of agency, which, in turn, adopts agency definition at 5 U.S.C. § 551(a)(1)(b), specifically excluding "the courts of the United States"); *Callwood v. Department of Probation of the Virgin Islands*, 982 F. Supp. 341, 343 (D. Virgin

---

[1] Section 1915A requires the Court to "review, before docketing, if feasible . . . a [civil] complaint . . . in which a prisoner seeks redress from a governmental entity" and to dismiss the complaint or "any portion" thereof on certain enumerated grounds. 28 U.S.C. § 1915A(a)-(b).



Islands 1997) ("Since the Office of Probation is an administrative unit of th[e] Court, it is not subject to the terms of the Privacy Act."). The Privacy Act's comprehensive remedial scheme encompasses plaintiff's constitutional claims. *Chung v. U.S. Dep't of Justice*, 333 F.3d 273, 274 (D.C. Cir. 2003). Accordingly, it is

ORDERED that pursuant to 28 U.S.C. § 1915A(b)(1), the claim brought under 42 U.S.C. § 1983 is DISMISSED; it is

FURTHER ORDERED that pursuant to 28 U.S.C. § 1915A(b)(1), all claims against the United States Probation Department and the Clerk's Office of the Eastern District of New York are DISMISSED; and it is

FURTHER ORDERED that the Clerk shall open this action as a Privacy Act case against the Department of Justice and the Federal Bureau of Prisons and randomly assign it to a district judge for further proceedings. A separate Order granting plaintiff's leave to proceed *in forma pauperis* will issue contemporaneously.

Date: August 22, 2008

United States District Judge

2